Filed 2/16/24  P. v. Laws CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRIAN KEITH LAWS,<br><br>    Defendant and Appellant. | B328022<br><br>(Los Angeles County<br> Super. Ct. No. KA008785) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, and Brian Keith Laws, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**INTRODUCTION**

Defendant Brian Keith Laws (Laws) was convicted of first degree murder after a jury trial.  The judgment was affirmed on direct appeal.  Laws

subsequently filed a petition for recall and resentencing under former Penal Code section 1170.95.[1]  The trial court denied the petition, concluding Laws was ineligible for relief as a matter of law.

On appeal, appellate counsel filed a brief that summarized the procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.  Laws submitted his own letter brief and requested that this court address one issue.  We address Laws' issue and affirm the order.

## PROCEDURAL BACKGROUND

In 1993, a jury found Laws guilty of first degree murder (Pen. Code, § 187, subd. (a)).  The jury found true the allegation that Laws personally used a firearm (Pen. Code, §§ 1203.06, subd. (a)(1) and 12022.5, subd. (a)).[2]  The court sentenced Laws to life in state prison without the possibility of parole.

In 1994, this court affirmed the judgment on appeal.  (*People v. Laws* (June 30, 1994, B075311) [nonpub. opn.].)

In 2022, Laws filed, in pro. per., his fourth petition for resentencing under former section 1170.95.  For the fourth time, the trial court denied the petition, finding that Laws failed to establish a prima facie case that he was entitled to relief because the record of conviction demonstrated that Laws was the actual shooter.

---

[1]  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.

[2]  All undesignated statutory references are to the Penal Code.

Laws filed a timely notice of appeal.

## DISCUSSION

A. *Governing Principles*

Senate Bill No. 1437 (2017–2018 Reg. Sess.) limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime. (See generally *People v. Reyes* (2023) 14 Cal.5th 981; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) Senate Bill No. 1437 (SB 1437) added section 189, subdivision (e) (limiting application of the felony-murder rule) and section 188, subdivision (a)(3) (stating that "to be convicted of murder, a principal in a crime shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime"). As amended by Senate Bill No. 775, effective January 1, 2022, these ameliorative changes to the law now expressly apply to attempted murder and voluntary manslaughter.

SB 1437 also created a procedure, now codified at section 1172.6, for a person convicted of murder, attempted murder, or voluntary manslaughter under the former law to be resentenced if the person could no longer be convicted of those crimes under the current law. (*Lewis, supra,* 11 Cal.5th at p. 959; *Gentile, supra*, 10 Cal.5th at p. 847.) A defendant commences that procedure by filing a petition containing a declaration that, among other things, the defendant could not presently be convicted of murder, attempted murder, or voluntary manslaughter under the current law. (*People v. Strong* (2022) 13 Cal.5th 698, 708.) If a petition establishes a prima facie case for

3

relief, the trial court must appoint counsel if requested, issue an order to show cause, and hold an evidentiary hearing. (*Strong*, at pp. 708–709; § 1172.6, subds. (b)(3), (c), & (d)(1).)

Where a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo. (See *People v. Drayton* (2020) 47 Cal.App.5th 965, 981, overruled in part on another ground in *Lewis, supra*, 11 Cal.5th at pp. 962–970.)

B. *Analysis*

In his letter brief, Laws challenges the sufficiency of the evidence of his first degree murder conviction. However, "[t]he mere filing of a [section 1172.6] petition does not afford the petitioner a new opportunity to . . . attack the sufficiency of the evidence supporting the jury's findings." (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) Moreover, Laws' questioning of the evidence against him does not demonstrate that the court erred in denying his petition for resentencing. (*People v. Gonzalez* (2021) 12 Cal.5th 367, 410 [it is the appellant's burden to affirmatively demonstrate error].)

//

//

//

//

//

4

## DISPOSITION

The trial court's postjudgment order denying Laws' section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


COLLINS, Acting P. J.


MORI, J.